Sheila B. Blume, M.D. Director Division of Alcoholism and Alcohol Abuse
You have asked whether a county may use funds received under the STOP-DWI program in support of a local program which is approved by your division as one that receives State aid on a matching basis.
STOP-DWI (Special traffic options program for driving while intoxicated) is a new program established in 1981 (L 1981, chs 910 and 913) as Article 43-A of the Vehicle and Traffic Law. The article authorizes each county to establish a STOP-DWI program to be funded by the fines and forfeitures collected in the courts in that county for violations of laws dealing with drunk driving (§ 1678-a). A program that proposes to use funds obtained from fines and forfeitures is subject to approval by the Commissioner of Motor Vehicles.
We assume that your inquiry is based on the general understanding that a "matching grant" is one where the grantor requires the grantee to provide matching funds in order to qualify for a grant. In the case of State local assistance, which consists of grants for many purposes, this general understanding means that a grant for one purpose cannot be used as a source of funds to match a grant provided for a different purpose. We do not believe that this general understanding controls the STOP-DWI program to the extent of total prohibition against any use of STOP-DWI funds for matching-grant purposes.
In our view, there is no reason why the fines and forfeitures collected under the STOP-DWI program should not be available for matching grants from the State if the purposes of the two programs coincide. First, the STOP-DWI program is not funded by local assistance, which is defined as "[a]ll payments and contributions by the state to and in aid of local governmental units or agencies in the manner and to the extent provided by law" (State Finance Law, § 2[13]). Under that law "all expenditures made for local assistance" must be made from the local assistance account in the State's general fund (id., § 72[2][a]). Here the Legislature has foregone the revenue from fines and forfeitures collected in cases related to drunk driving (Vehicle and Traffic Law, § 1803[1][c]). True, the giving up of revenue is not absolute as it is in other cases (see ibid., subds [a] and [b]), covering fines and forfeitures that go to cities, towns and villages; rather, the revenue is given up only to counties that participate in the STOP-DWI program and in the case of those counties, only to the extent that the funds are spent, for unspent sums "revert" to the State (id., § 1678-i). Nevertheless, such moneys used by counties for the STOP-DWI program are local, not State, funds.
Second, while a local assistance grant must be used for the purpose specified by the Legislature, it does not follow that money received for one local assistance program may not be used for another local program if both programs have the same purpose. Here the purpose is to stop drunk driving. If there is a State program to combat alcoholism and a second State program to stop drunk driving, it seems logical to permit expansion of local alcoholism programs in a manner that advances the goal of stopping drunk driving and to permit counties to use STOP-DWI funds for this purpose. We also note that there is no absolute prohibition against using State appropriated funds for matching grant programs. For example, state per capita aid, commonly called "revenue sharing", is distributed to local governments with no strings attached. See State Finance Law, § 54(8).
In our opinion, therefore, the general understanding of the meaning of matching grants has limited application to the STOP-DWI program. At the same time, in view of the legislative background and context, it is clear that STOP-DWI funds cannot be substituted for local funds now devoted to existing programs related to drunk driving. (See Vehicle and Traffic Law, § 1678-g, which calls for "[a]voidance of duplication of existing programs".) Using STOP-DWI funds for a new or expanded program directly related to drunk driving is different. Even if those funds enable a local agency to put together a new or expanded program that also qualifies for a State matching grant, such a program furthers the legislative purpose of STOP-DWI:
 "* * * it is essential that the state take further steps to protect those who make use of roads from the needless deaths, injuries, and property damage resulting from drunk driving.
* * *
 "Those counties establishing stop-dwi programs shall formulate a plan for coordinating the efforts of involved governmental units and community organizations to reduce alcohol-related traffic injuries and fatalities. These efforts may include improvements in law enforcement, adjudication, education, rehabilitation or other related activities." (L 1981, ch 913, § 1.)
We note that your memorandum of April 8, 1982 to Community Services Boards carefully limits your division's support of local alcoholism treatment services funded by STOP-DWI funds to services that are "new or expanded":
 "Many counties have expressed an interest in establishing new or expanded alcoholism treatment services funded by fines received under STOP-DWI Legislation and have, in fact, included such services as a part of their STOP-DWI application to the Department of Motor Vehicles.
 "The Division views this interest as an indication of the value that counties place in community alcoholism services and supports your efforts in this regard. * * *
 "In anticipation of possible funding availability in 1982, the Division will consider proposals included in approved STOP-DWI plans for new/expanded treatment services in accordance with the attached procedures. STOP-DWI proposals should be planned and budgeted to start on July 1, 1982." (Emphasis supplied.)
We conclude that the use of STOP-DWI funds as matching funds for a State grant in support of new or expanded programs for alcoholism treatment services directly related to drunk driving is permitted.